# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:09CR00043 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **GARY DEAN BALDWIN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Dennis H. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Gary Dean Baldwin, Pro Se Defendant.*

In this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), the defendant Gary Dean Baldwin asserts that his trial attorney failed to file a notice of appeal after Baldwin asked him to do so. Upon review of the record, I must deny the government's Motion to Dismiss and set the matter for an evidentiary hearing on Baldwin's claim.

Baldwin pleaded guilty without a written plea agreement, to one count of conspiracy to distribute oxycodone, a Schedule II controlled substance. At sentencing, I found that he should be held responsible for an amount of oxycodone equivalent to at least 700 kilograms, but less than 1000 kilograms of marijuana. Based on this finding, Baldwin's custody range under the advisory sentencing

guidelines was 87 to 108 months in prison.  I imposed a term of 87 months.  No appeal was taken.

Baldwin timely filed this § 2255 motion alleging only that his attorney, David S. Saliba, had failed to file a notice of appeal after Baldwin had told the attorney that he wanted to appeal.  Baldwin wished to appeal the fact that "[t]he court sentenced on [an] amount of drug[s] outside the scope of the plea deal, resulting in a longer prison sentence."  (Mot. 14.)  In response to the government's Motion to Dismiss, Baldwin asserts that his attorney said "he would ap[p]eal the case on the pill count."  (Response 1.)  Baldwin also says that he has only a sixth grade education and that he did not know until he got to federal prison that he could have filed an appeal on his own.

In his affidavit offered in support of the Motion to Dismiss, Mr. Saliba states that "Mr. Baldwin never indicated to me that he wanted to appeal his sentence.  Therefore, I did not note an appeal on his behalf."  (Saliba Aff. ¶ 5.)  The government argues for dismissal of Baldwin's claim under the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (requiring defendant claiming ineffective assistance to show reasonable probability that but for counsel's deficient performance, result of proceeding would have been different).

Under the applicable legal standard, however, I find that Baldwin's allegations are sufficient to survive the government's motion. "[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) (holding that attorney who disregards defendant's specific instruction to file timely notice of appeal acts in professionally unreasonable manner even if there is no showing that an appeal would have had merit). If Baldwin can prove his allegation that he communicated a request to counsel to appeal and relied to his detriment on counsel to file and pursue an appeal, Baldwin is entitled to § 2255 relief in the form of a new opportunity to appeal his criminal sentence without a showing of any likelihood of success on the merits of that appeal.

Because the parties' factual accounts are in dispute as to whether Baldwin asked counsel to pursue an appeal, I find that resolution of Baldwin's claim requires an evidentiary hearing.

Accordingly, it is **ORDERED** as follows:

1. The government's Motion to Dismiss (ECF No. 72) is DENIED;

2. The clerk shall schedule an evidentiary hearing in the United States Courthouse in Abingdon, on the sole claim that the defendant asked his attorney to

file a notice of appeal and to the extent practicable shall arrange for the defendant to participate in the proceeding via videoconferencing; and

      3.      The defendant's Motion for Appointment of Counsel (ECF No. 76) is GRANTED, and the clerk shall arrange for the appointment of counsel to represent the petitioner in this § 2255 action, pursuant to 18 U.S.C.A. § 3006A(a)(2)(B).

      ENTER: April 2, 2012

      /s/ James P. Jones
      United States District Judge