# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:09CR00043 |
| v. | ) | **OPINION** |
| | ) | |
| **GARY DEAN BALDWIN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Dennis H. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Benjamin Gerald Sharp, for Defendant.*

Defendant Gary Dean Baldwin, a federal inmate, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). Based on the facts found after an evidentiary hearing and the legal conclusions flowing therefrom, I find that Baldwin's trial attorney provided ineffective assistance regarding Baldwin's right to appeal, and I grant Baldwin's § 2255 motion.

I

Baldwin pleaded guilty without a plea agreement with the government to one count of conspiracy to distribute oxycodone, a Schedule II controlled substance. Based on statements Baldwin had made to authorities after his arrest,

the Presentence Investigation Report ("PSR") recommended that Baldwin be held accountable for at least 1840 80-miligram OxyContin tablets during the conspiracy. Under the federal sentencing guidelines, this number of tablets (referred to by Baldwin as the "pill count") is equivalent to 986.24 kilograms of marijuana, which produces a Base Offense Level of 30. Baldwin's acceptance of responsibility gained him a three-level reduction, for a Total Offense Level of 27. The PSR assigned Baldwin a Criminal History Category of III, resulting in a custody range of 87 to 108 months imprisonment. After consideration of the appropriate factors, including the advisory guideline range, I imposed a term of 87 months in prison. No appeal was taken.

Baldwin then filed a pro se § 2255 motion, asserting that his trial attorney had failed to note an appeal of his sentence after Baldwin had asked him to do so. Finding material disputes of fact between Baldwin's account and the attorney's affidavit filed in response to the § 2255 motion, I denied the government's motion to dismiss, appointed new counsel for Baldwin, and conducted an evidentiary hearing on the issue. Baldwin and his sisters, Trisha Jackson and Sharon Osborn, testified at the hearing in support of Baldwin's motion, and the government called Baldwin's trial attorney as a witness.

II

"In order to establish a Sixth Amendment violation based on counsel's failure to appeal, [the defendant] must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed." *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000). It is well established that "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

> When a client does not specifically instruct counsel to appeal . . . , whether counsel has been ineffective by failing to appeal depends upon whether counsel in fact consulted with the defendant about an appeal. In this context, "consult" conveys a specific meaning — advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.

*Witherspoon*, 231 F.3d at 926 (omitting internal quotation marks and citation). If counsel consulted sufficiently with the defendant on appeal issues, counsel was not ineffective. *Id.*

If the court finds that counsel did not consult with the defendant on appeal issues, the court proceeds to ask the question, was it deficient performance not to consult?

> The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

> particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* (omitting internal quotation marks and citation).

The defendant bears the burden of proving by a preponderance of the evidence his grounds for relief under § 2255. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

III

As required by Federal Rule of Civil Procedure 52(a), and based on my opportunity to assess the credibility of the witnesses, the following are my findings of fact. I have taken into account the rationality and internal consistency of the testimony, the extent of detail and coherent nature of the testimony, the manner of testifying by the witnesses, and the degree to which the subject testimony is consistent or inconsistent with other evidence in the case.

Baldwin, who has a limited education, met with his appointed attorney after his indictment on a number of occasions. They discussed the option of entering into a written plea agreement with the government, but after being advised by the attorney that any plea agreement would require a waiver of the right of appeal, Baldwin decided to plead guilty without a plea agreement in order to preserve the right to appeal his sentence. Baldwin felt that the pill count attributed to him was too high and after his sentencing hearing was concluded, as he was being led from

the courtroom by deputy marshals, he told the attorney that he wanted to appeal, and believed that an appeal was being taken on his behalf, although he did not thereafter talk to his attorney about it. He told one of his sisters at some point not long afterwards that he was appealing the sentence.

Baldwin's defense counsel offered credible testimony that he did not hear Baldwin ask him to file an appeal and that he would have pursued an appeal if he had heard Baldwin make such a request. He testified that it was possible that Baldwin made an unequivocal request for an appeal, but that he simply did not hear that request, in that the regular practice was for the deputy marshals to take a defendant away in custody immediately following the conclusion of a court hearing. In any event, the attorney agreed that he did not meet with Baldwin after sentencing to discuss a possible appeal.[1]

---

[1] At the evidentiary hearing, the attorney testified that he had argued at sentencing about a portion of the drug weight assigned to Baldwin based on a statement from an unindicted co-conspirator. After the hearing, the attorney filed a letter to correct the record on this issue, stating:

> There were discussions regarding the drug weight assigned to Mr. Baldwin because of purchases he made from Toby Jones as well as from Wetzel Hunt. There were no issues in Mr. Baldwin's case regarding drug weight assigned to him via statements of unindicted co-conspirators. Because the pill counts and drug weights were based on Mr. Baldwin's own statements to law enforcement officers, the drug weight assigned in the presentence report accurately reflected the calculation of weight under the sentencing guidelines. Because of this, I filed no objections to the presentence report.

Letter, May 29, 2012 (ECF No. 86).

## IV

Because Baldwin failed to demonstrate by a preponderance of the evidence that he actually communicated his request for an appeal to his counsel, I cannot find that counsel was per se ineffective. *Poindexter*, 492 F.3d at 273. Counsel cannot be held ineffective merely for failing to comply with a request that he never heard.

I also find, however, that during the course of the representation, Baldwin "reasonably demonstrated" to his attorney that he was interested in appealing. *Witherspoon*, 231 F.3d at 926. Thus, the lawyer had an obligation to consult with Baldwin about an appeal in this case, a duty the lawyer failed to fulfill, in violation of Baldwin's Sixth Amendment right to counsel.

Taken together, the facts should reasonably have demonstrated to the attorney that Baldwin would want to exercise the right to appeal that he had reserved, in order to challenge the sentence based on the pill count, thus imposing a duty to consult with Baldwin about an appeal. In failing to consult with Baldwin about an appeal despite a duty to do so, the attorney provided ineffective assistance that deprived Baldwin of the right to appeal, in violation of Baldwin's constitutional rights. *Id.*

## V

For the reasons stated, I find that counsel provided ineffective assistance regarding Baldwin's appeal rights, and Baldwin is entitled to relief under § 2255 in the form of a renewed opportunity to appeal the judgment.

A separate Final Order will be entered herewith.

ENTER: June 11, 2012

/s/ James P. Jones
United States District Judge